# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

JAMES HIEBERT,

               Plaintiff,          CIVIL NO.: _____

v.

                                         **COMPLAINT**

RECEIVABLE MANAGEMENT SERVICES, CO.,
D/B/A RMS,                         **JURY TRIAL DEMANDED**

               Defendant.

## JURISDICTION

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.    This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3.    Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

4.    Plaintiff James Hiebert (hereinafter "Plaintiff"), is a natural person residing in the County of Wabasha, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.  Defendant Receivable Management Services, Co. d/b/a RMS (hereinafter "Defendant"), is a collection agency operating from an address of 240 Emery Street, Bethlehem, PA 18015 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL SUMMARY

6.  Sometime prior to August 2010, upon information and belief, Plaintiff incurred a financial obligation that upon information and belief was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7.  Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection.

8.  In August 2010, Defendant left a message on Plaintiff's telephone which failed to communicate that Defendant was a debt collector and attempting to collect a debt.

9.  The conduct of Defendant in failing to communicate that Defendant is a debt collector and attempting to collect a debt is a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(11) and 1692f amongst others.

### Respondeat Superior Liability

10. The acts and omissions of Defendant, and/or the other debt collectors employed as agents by Defendant who communicated with Plaintiff as more

further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

11. The acts and omissions by Defendant and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

12. By committing these acts and omissions against Plaintiff, Defendant and these other debt collectors were motivated to benefit their principal, Defendant.

13. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt from Plaintiff.

### Summary

14. The above-detailed conduct by Defendant was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

15. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, anxiety, emotional distress, frustration, embarrassment amongst other negative emotions.

16.    Defendant's negligent and/or intentional acts resulted in the violation of numerous provisions of federal law and resulted in actual damages to the Plaintiff.

## TRIAL BY JURY

17.    Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

18.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19.    The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

20.    As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

### COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

21.     for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against

Defendant and for Plaintiff;

22.     for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C.

§1692k(a)(2)(A) against Defendant and for Plaintiff; and

23.     for an award of costs of litigation and reasonable attorney's fees pursuant to 15

U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff.


MARTINEAU, GONKO & VAVRECK, PLLC

Dated:  November 3, 2010          s/ Mark L. Vavreck                        .
                                  Mark L. Vavreck, Esq.
                                  Bar Number #0318619
                                  Attorney for Plaintiff
                                  Martineau, Gonko & Vavreck, PLLC
                                  Designers Guild Building
                                  401 North Third Street, Suite 600
                                  Minneapolis, MN 55401
                                  Telephone:  (612) 659-9500
                                  Facsimile:   (612) 659-9220

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA        )
                                ) ss
COUNTY OF WABASHA      )

        JAMES HIEBERT, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant, named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. I have provided my attorneys with true and correct copies of each and every exhibit, which has been attached to this Complaint.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated the attached exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

                                 _James Hiebert_
                                 James Hiebert

Subscribed and sworn to before me
this 29 day of November 2010.

_Holly Kay Holst_
Notary Public

HOLLY KAY HOLST
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2015

6